

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MICHAEL BILDERBACK, CDC #T-27032,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEP'T OF CORRECTIONS, et al.,<br><br>　　　　　　　　　　　　　Defendant. | Civil No.   06-2078 IEG (WMc)<br><br>**ORDER TRANSFERRING CIVIL ACTION FOR LACK OF PROPER VENUE TO THE EASTERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 84(b), 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a)** |

Plaintiff, a former state prisoner, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff claims that, while he was incarcerated at the Central Valley Modified Community Correctional Facility ("CVMCCF") in McFarland, California, his constitutional rights were violated by CVMCCF prison officials.  (Compl. at 1-2.)

**I.     Lack of Proper Venue**

Upon initial review of the Complaint, the Court finds that Plaintiff's case lacks proper venue.  Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).  "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in

1  which a substantial part of the events or omissions giving rise to the claim occurred, or a
2  substantial part of property that is the subject of the action is situated, or (3) a judicial district
3  in which any defendant may be found, if there is no district in which the action may otherwise
4  be brought."  28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v.*
5  *Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986).  "The district court of a district
6  in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in
7  the interests of justice, transfer such case to any district in or division in which it could have
8  been brought."  28 U.S.C. § 1406(a).

9        Here, Plaintiff claims constitutional violations originally arising out of events which
10  occurred in Kern County, California.  Moreover, none of the named Defendants are alleged to
11  reside in either San Diego or Imperial County.  *See* Compl. at 2.   Therefore, venue more
12  properly lies in the Eastern District of California pursuant to 28 U.S.C. § 84(b), rather than in
13  the Southern District of California.  *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

14  **II.        Conclusion and Order**

15        Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court shall transfer this
16  case for lack of proper venue, in the interests of justice and for the convenience of all parties,
17  to the docket of the United States District Court for the Eastern District of California pursuant
18  to 28 U.S.C. § 84(b), 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).

19  **DATED:  October 6, 2006**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**